**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-619-2** |
| | : | |
| **EDWARD BASLEY** | : | |

# ORDER

AND NOW, this day of , 2006, it is hereby ORDERED that the following evidence of Edward Basley's prior convictions is admissible to impeach Basley, pursuant to Federal Rule of Evidence 609, if he elects to testify, and is also admissible to cross-examine any character witness whom Basley may present:

> On January 8, 2002, Basley was convicted in the Philadelphia Court of Common Pleas of carrying firearms without a license in August 2000 in Philadelphia, Pennsylvania.
>
> On January 8, 2002, Basley was also convicted in the Philadelphia Court of Common Pleas of possessing cocaine base ("crack") in August 1999, in sufficient quantity and/or under sufficient circumstances to indicate intent to deliver the crack.

BY THE COURT:

________________________________
HONORABLE CYNTHIA M. RUFE
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-619-2** |
| | : | |
| **EDWARD BASLEY** | : | |

**UNITED STATES' MOTION IN LIMINE TO INTRODUCE EVIDENCE OF EDWARD BASLEY'S PRIOR RECORD PURSUANT TO FED. R. EVID. 609**

## I. INTRODUCTION

The United States of America, by its undersigned attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Karen L. Grigsby, Assistant United States Attorney for the district, seeks a pre-trial ruling under Fed. R. Evid. 609 that it may cross-examine the defendant, Edward Basley, with his prior criminal convictions, if Basley testifies at trial. The government also seeks a pre-trial ruling that it may cross-examine any character witnesses whom Basley offers on his behalf with Basley's prior record. The United States represents as follows.

## II. THE PRIOR CONVICTIONS

The government has provided Basley's prior criminal record to defense counsel in discovery. That record shows that Basley (age 27) has been arrested ten times as an adult and three times as a juvenile. He has two adult convictions, one for a felony

drug offense and one for a firearms offense, and two open cases charging drug offenses.

Basley's criminal history is as follows:

10/11/03 – Arrested in Philadelphia and charged with possession with intent to deliver controlled substances and firearms offenses. The case was listed in court on 12/23/03, but Basley failed to appear and a bench warrant was issued. On 6/22/06, while Basley was in federal custody, this case was discharged for lack of prosecution. (DC 03-22-061287; MC 0310-0944)

10/9/02 – Arrested in Philadelphia and charged with possession with intent to deliver controlled substances. The case was listed in court on 11/12/03, but Basley failed to appear and a bench warrant was issued. The matter is now listed for trial on 9/11/06. (DC 02-19-078232; CP 0307-0085)

3/8/02 – Arrested in Philadelphia and charged with attempted murder, aggravated assault, reckless endangerment, and firearms violations. All charges were dismissed for lack of prosecution. (DC 01-22-064580; MC 0203-5217)

12/19/01 – Arrested in Philadelphia and charged with knowing and intentional possession of a controlled substance. On 8/9/02, prosecution was withdrawn for lack of evidence/witness. (DC 01-35-120897; MC 0112-2503)

9/6/00 – Charged in Philadelphia with contempt of court. He was convicted of contempt and sentenced to 21 days to 1 month on each of three cases. (MC 0009-292, 293, 294)

**8/25/00 – Arrested in Philadelphia and charged with weapons violations. The Criminal Complaint charges that on 8/25/2000, Basley carried a firearm with an obliterated serial number at or near 5100 Merion Street in Philadelphia. On 1/8/02, Basley pled guilty to carrying firearms without a license and was sentenced on that same date to 9 to 23 months incarceration, with immediate parole to house arrest with electronic monitoring, followed by two years probation, all to be served concurrently with his sentence on CP 9911-1400. (DC 00-14-065872; CP 0009-0859)**

**8/14/99 – Arrested in Philadelphia and charged with possession with intent to deliver controlled substances. The Criminal Complaint charges that on or about 8/14/99, Basley possessed crack cocaine at 4948 Wayne Avenue in sufficient quantity and/or under sufficient circumstances to indicate intent to deliver. On 1/8/02, Basley pled guilty to manufacture, delivery, or possession with intent to deliver a controlled substance. On that same date, he was sentenced to 9 to 23 months incarceration, with immediate parole to house arrest with electronic monitoring, followed by two years probation. (DC 99-14-065642; CP 9911-1400)**

8/6/99 – Arrested in Philadelphia and charged with knowing and intentional possession of controlled substances. On 12/7/00, the charges were dismissed for lack of prosecution. (DC 99-25-073064; MC 9908-0781)

6/18/99 – Arrested in Philadelphia and charged with assault, robbery, receiving stolen property, and weapons offenses. All charges were subsequently dismissed for lack of evidence/witness. (DC 99-14-011151; MC 9906-4804)

6/10/99 – Arrested in Philadelphia and charged with possession with intent to deliver controlled substances, fleeing a police officer, and conspiracy. All charges were subsequently nolle prossed. (DC 99-35-060597; CP 0001-1082)

8/15/98 – Arrested in Philadelphia and charged with aggravated assault, reckless endangerment, carrying firearms without a license, and related offenses. On 10/23/98, prosecution was withdrawn without prejudice. (DC 98-14-067679; MC 9808-5211, 5212, 5213)

**Juvenile record**[1] (Basley was born on 5/13/79 and turned 18 on 5/13/97)

2/28/97 -- Arrested and charged with firearms offenses. On 5/21/97, the charges were discharged/dismissed. (Petition 013869702; DC 9714013456)

---

[1] The government will not seek to impeach Basley with evidence of his juvenile record, as Basley has juvenile arrests but no juvenile adjudications and, in any event, Rule 609(d) explicitly provides that evidence of juvenile adjudications is generally not admissible.

8/24/96 -- Arrested and charged with aggravated assault (F-2), firearms offenses, and other crimes. On 11/8/96, the charges were withdrawn without prejudice. (Petition 052909608; DC 9614064269)

3/29/95 -- Arrested and charged with theft and unauthorized use of an auto. On 6/29/95 a consent decree was entered. On 6/7/9, Basley was discharged from the consent decree. (Petition 024299503; DC 9509015693)

If Basley testifies at trial, the government will seek to impeach him, pursuant to Rule 609, with evidence of his prior felony convictions for narcotics and weapons offenses. Similarly, if Basley presents character witnesses, the government will seek to impeach those witnesses with Basley's prior record, e.g., to test the standard by which they measure reputation and character.

## III. ARGUMENT

Rule 609(a)(1) provides that "evidence that an accused has been convicted [of a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."[2] "[P]ermissible questioning typically is limited to the number of convictions, and the nature, time, and

---

[2] Rule 609 further provides that those convictions for which a witness was released from custody more than 10 years before trial, however, are admissible only if the Court finds that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Rule 609(b).

Here, both of Basley's convictions are within the past ten years -- indeed, both are within the last five years, and Basley was still on probation at the time of the offense conduct in this case. Additionally, both of Basley's convictions are punishable under the relevant state statute by a period of imprisonment for more than a year, i.e., both are felony convictions. See 18 Pa.C.S.A. §106.

date of each. United States v. Faulk, 53 Fed. Appx. 644, 2002 WL 31667657 (3d Cir. 2002) (not precedential), citing McCormick on Evidence, § 42 at 167 (5th ed., 1999). The trial court can reserve making its final ruling on this issue until after the defendant testifies. See Ohler v. United States, 529 U.S. 753, 758 n.3; Luce v. United States, 469 U.S. 38, 41- 42 (1984).

As the Third Circuit has explained, "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.' ... Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." Walden v. Georgia Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997) (citations omitted). See also United States v. Lipscomb, 702 F.2d 1049, 1061 (D.C. Cir. 1983) ("[A]ll felony [convictions] have some probative value on the issue of credibility").

Indeed, juries routinely are instructed that a prior felony is appropriately considered when assessing a witness' credibility, see Devitt and Blackmar § 15.08, on the assumption that felony convictions are relevant. In this case, Basley's felony convictions are relevant to the jury's assessment of his credibility, if he takes the stand in his own defense, and they are more probative than prejudicial. Thus, they should be admitted under Rule 609(a)(1) for impeachment purposes.

**A. Basley's convictions are admissible under Rule 609(a)(1).**

The Third Circuit has set forth four basic factors to be considered in balancing the probative value and prejudicial effect when applying Rule 609(a)(1): "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; [and] (4) the importance of the credibility of the defendant." Government of the Virgin Islands v. Bedford, 671 F.2d 758, 761, n.4 (3d Cir. 1982); see also United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1975) (citing 3 J. Weinstein, Evidence ¶ 609 [03] at 609-78 to 609-75). Evidence that may have been inadmissible under Rule 404(b) is nevertheless admissible under Rule 609 because a testifying defendant's credibility is the central issue. See United States v. Murphy, 172 Fed. Appx. 461 (3d Cir. 2006) (not precedential); United States v. Haslie, 160 F.3d 649 (10th Cir. 1998); United States v. Valencia, 61 F.3d 616 (8th Cir. 1996); United States v. Smith, 49 F.3d 475 (8th Cir. 1995). Here, these factors support admission of Basley's prior convictions, should he testify.

**1. The Kind of Crime Involved**

Basley's prior convictions for a felony violation of the Controlled Substances Act and for carrying a firearm without a license are probative of his veracity. Pursuant to Rule 609(a)(1), many courts have upheld the admission of felonies such as Basley's convictions here, as discussed below.

**(a) Controlled Substances offenses**

Courts repeatedly have found that a drug distribution conviction is probative of a defendant's character for truthfulness and, therefore, is properly admitted under Rule 609(a)(1) to impeach a defendant. As the Second Circuit has reasoned:

> Prime among [the factors to be considered under Rule 609(a)] is whether the crime, by its nature, is probative of a lack of veracity. ... **Here, the District Judge in his discretion was entitled to recognize that a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie.** From this he could rationally conclude that such activity in a witness' past is probative on the issue of credibility.

United States v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1977) (emphasis added). See also United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (accord).

See also Brundidge v. City of Buffalo, 79 F.Supp.2d 219, 226 (W.D.N.Y. 1999), and cases cited therein ("The impeachment value of plaintiff's prior crime (i.e., Sale of a Controlled Substance) and the crimes of her witnesses rank high on the scale of veracity-related crimes.... In addition, the drug conviction bears on plaintiff's credibility and the credibility of her witnesses because the convictions remove any misperceptions that they are model citizens" (citations omitted)); United States v. Jenkins, 2003 WL 21047761 (S.D.N.Y. 2003) (permitting government to cross-examine defendant with prior controlled substances conviction in §922 prosecution).

Indeed, the probative value of prior narcotics convictions has been deemed sufficient to outweigh their prejudice, even when admitted in a trial on new narcotics

charges. Recently, in finding that a district court properly admitted the defendant's prior drug conviction under Rule 609(a), where the defendant was charged as a felon in possession of a firearm, the Third Circuit reiterated the admissibility of prior drug convictions even in cases where the defendant is charged with drug offenses. The Court observed that:

> There is no question that, given a proper purpose [such as impeachment under Rule 609(a)(1)], drug convictions are admissible in a trial where the defendant is charged with a drug offense." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992) Indeed, other Circuit Courts have held that prior drug convictions in particular have probative value for impeachment purposes. See, e.g., United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997) (holding that a prior conviction for possession with intent to distribute cocaine is admissible under Rule 609); United Stats v. Hernandez, 106 F.3d 737, 739-40 (7th Cir. 1997) (holding that prior convictions for possession of cocaine and marijuana are admissible to impeach defendant).

United States v. Murphy, 172 Fed. Appx. 461 (3d Cir. 2006) (not precedential) (bracketed material in original). As the Court stated:

> Although Murphy never cites Rule 404(b) in his brief, he argues that when the prior offense and the charged offense are similar, there is a "likelihood that knowledge of th prior offense will lead the jury to make the type of propensity inference that is forbidden under the law," which is exactly the issue that Rule 404(b) addresses. . . . However, this argument is unavailing for two reasons. First, Murphy's prior drug convictions and the charged offense of felon in possession of a firearm are not sufficiently similar to invoke the concerns of Rule 404(b). **Second, and more importantly, the concerns of Rule 404(b) can give way to Rule 609 (a)(1), even when both the prior conviction and the charged offense are drug-related.**

Id., 172 Fed. Appx. at 463 n. 1 (emphasis added).

See also United States v. Carmichael, 155 F.3d 561, 1998 WL 390973 (4th Cir. 1998) (defendant's prior convictions for possession with intent to distribute cocaine were admissible, under Rule 609(a)(1) and Rule 404(b), at defendant's trial on charge of possession with intent to distribute marijuana); United States v. Ortiz, 553 F.2d at 784 (at defendant's trial on charges of distributing cocaine, district court properly admitted defendant's prior convictions for heroin distribution under Rule 609(a)(1)); United States v. Harris, 959 F.2d 242, 1992 WL 72868, *1 (9th Cir. 1992) (in prosecution for distribution of cocaine in violation of 21 USC §841(a)(1), district court properly permitted government to introduce evidence of defendant's prior conviction for cocaine possession under Rule 609(a)(1), as "[t]he government had a right to present evidence which challenged [defendant's] trustworthiness as a witness."); United States v. Borrome, 1997 WL 786436 (E.D. Pa. 1997) (Van Antwerpen, J.) (admitting defendant's prior conviction for possession with intent to deliver cocaine, under Rule 609(a)(1), in prosecution for conspiracy to distribute cocaine base; conviction was probative of defendant's credibility and was not so prejudicial, as conviction was six years old), aff'd 166 F.3d 1206 (3d Cir. 1998); United States v. Alfonso, 1995 WL 276198 (S.D.N.Y. 1995) (permitting the government to cross-examine defendant with prior narcotics conviction at trial for conspiracy to distribute and possess cocaine, even though same evidence was not admissible under 404(b) on facts of case).

**(b) Firearms offenses**

Convictions for firearms offenses have also been deemed probative and admissible under Rule 609. See, e.g., United States v. Broadwater, 2003 WL 21265185 (7th Cir. 2003) (in prosecution under 21 USC § 841(a)(1), defendant's two prior convictions for possession of unauthorized weapon were properly admitted under Rule 609(a)(1), where prior convictions were for crime that was dissimilar from that charged, limiting instruction was given, and defendant had testified that he was entrapped); United States v. Castor, 937 F.2d 293, 298-99 (7th Cir. 1991) (affirming admission of prior battery and weapons conviction in extortion trial where defendant asked victim whether he had "ever felt the end of a bullet" and explained that the Chicago mafia wanted victim's business or his head); United States v. Johnson, 720 F.2d 519 (8th Cir. 1983) (at trial for conspiracy to distribute and distributing cocaine in violation of 18 U.S.C. § 841(a)(1), trial court properly permitted cross-examination with defendant's prior conviction for unlawful possession of a firearm).

**2. When the Conviction Occurred**

Basley's convictions are both within the last ten years; indeed, they are both within the last five years, and he was still on probation when he committed the offenses charged here. As such, these prior convictions are not so remote in time as to create

unfair prejudice to Basley. Moreover, the uninterrupted pace of his criminal career weighs heavily in favor of the admission of his prior convictions.[3]

**3. The Importance of the Witness' Testimony to the Case**

Should he choose to testify, Basley's testimony will become of central importance to this case and to any defense that he may offer at trial. Basley's account of the purported "facts," denials of participation in any criminal activity or wrongdoing, and any exculpatory explanations for the events underlying the charged offenses are obviously of great significance. As this Court has written, "A defendant who testifies is invariably the centerpiece of any criminal defense, and the defendant's credibility is always at issue." United States v. Rosato, 1999 WL 58577, *2 (E.D. Pa. 1999).

**4. The Importance of the Credibility of the Defendant**

In the upcoming trial, the most important issue will be the credibility of the witnesses. When a defendant testifies, he places his credibility "directly at issue," see United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987), and his prior conviction

[3] Significantly, Basley has been arrested almost every year for the last ten years, and was wanted on bench warrants at the time of his arrest in this case. This continuity of criminal activity suggests that Basley's character for veracity has not improved over time. Cf. United States v. Brown, 603 F.2d 1022, 1029 (1st Cir. 1979) (no abuse of discretion to allow impeachment with burglary convictions more than ten years old because "probability that appellant's character for veracity had improved since the time of the burglary convictions (an assumption that underlies the ten year limit) was negated by this more recent criminal activity."); accord Lipscomb, 702 F.2d at 1071.

then bears on his credibility. See United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995).

Under these circumstances, it is not fair to allow Basley, if he chooses to testify, to hide from the jury the prior felonies which cast doubt on his version of the facts. See Oakes, 565 F.2d at 173 (impeachment appropriate where there was a "sharp, irreconcilable conflict" between the testimony of the government's witnesses and that of the defendant, so that credibility was crucial). As the Ninth Circuit recognized in Browne, 829 F.2d at 763, the government should not be forced to "sit silently by, looking at criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." The jury is entitled to know of these prior convictions in assessing Basley's credibility, should he choose to testify.[4]

**B. The Court can give a limiting instruction to avoid any unfair prejudice.**

The Court can minimize any potential prejudice to the defendant by instructing the jury that these prior convictions can only be used to evaluate his

---

[4] See, e.g., United States v. Johnson, 302 F.3d 139,151-152 (3d Cir. 2002) (district court properly permitted government to impeach credibility of defendant Johnson and defense witness Robertson by asking each on cross-examination about their prior felony convictions; Third Circuit explains that "Credibility was a major issue at trial because Johnson's defense depended on the jury believing his story rather than Sey's, and evidence of a felony conviction is probative of credibility. ...[And, we] fail to see how the fact of Robertson's prior convictions might have inflicted unfair prejudice beyond that which ordinarily accompanies evidence introduced pursuant to Rule 609(a)(1)."); United States v. Smith, 131 F.3d 685 (7th Cir. 1997) (where defendant's testimony directly contradicts other witness's credibility on essential issue, prior criminal convictions are admissible for impeachment purposes).

credibility. Jurors are presumed to follow such limiting instructions. Shannon v. United States, 512 U.S. 573 (1994). At defense counsel's request, the Court can instruct the jury along the following lines:

> You have been told that Basley previously was found guilty of various offenses. These convictions have been brought to your attention only because you may wish to consider them when you decide, as with any witness, how much you will believe of his testimony in this trial. The fact that the defendant was found guilty of other crimes does not mean that he committed this crime, and you must not use his previous convictions as proof of the crime charged in this case. You may find him guilty of this crime charge in the Indictment only if the government has proved beyond a reasonable doubt that he committed it.

See 6 Weinstein's Federal Evidence § 609.04[2][f] (quoting Federal Judicial Center, Pattern Criminal Jury Instruction, No. 41 (1987)); see also 1 Devitt, et al., Federal Jury Practice and Instructions § 11.09 (4th ed).

**C. Evidence of Basley's prior convictions is admissible under Rule 609, even if he stipulates to a prior felony conviction.**

Finally, the government should be allowed to impeach Basley with his prior convictions regardless of whether he ultimately stipulates to having a prior felony conviction. As the Seventh Circuit reasoned in United States v. Toney, 27 F.3d 1245, 1253-54 (7th Cir. 1994), even where a defendant in a felon-in-possession case stipulates to his prior felony conviction, "[t]he jury has a right under the law to hear that any witness, whether it be the defendant or not, has a felony record that is or can be considered to be impeaching." If anything, the fact the jury is aware that the defendant is a previously convicted felon actually diminishes the prejudicial impact of impeaching him

with his prior offenses. See United States v. Halbert, 668 F.2d 489, 495 (10th Cir. 1982) (court considers fact that jury knew defendant "was in the penitentiary for something" as factor that diminished prejudice of impeaching defendant with prior bank robbery conviction in bank robbery trial). See also United States v. Murphy, 172 Fed. Appx. at 462 (rejecting defendant's claim that district court erred in permitting the government to impeach him with specific facts of his prior felonies, rather than simply eliciting fact that he had previously been convicted of one unspecified felony).

## IV. CONCLUSION

Wherefore, for the foregoing reasons, the government respectfully requests that this Court rule that the evidence at issue is admissible under the Federal Rules of Evidence.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

____________________________
THOMAS PERRICONE
Assistant United States Attorney
Chief, Narcotics

____________________________
KAREN L. GRIGSBY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that, by electronic filing, I have served or caused to be served a copy of the foregoing upon:

William J. Brennan, Esquire
123 South Broad Street
Suite 1970
Philadelphia, PA 19109

______________________________
KAREN L. GRIGSBY
Assistant United States Attorney

Date: 9/7/06