**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD BASLEY** | : | **CR. NO. 05-619-02** |
| **a/k/a "Beeb,"** | : | |

**O R D E R**

AND NOW, this day of , 2006, pursuant to Local Rule of Criminal Procedure 41.1(c), as to the video and audio recording of the search of 5343 Darrah Street on July 8, 2005, the Court finds the following as to the Government's recording:

1. The recording device used was capable of accurately recording the video and audio conversations;

2. The operator of the recording device was competent;

3. The recording is authentic and correct;

4. There have been no changes in, additions to, or deletions from the recordings;

5. The recording has been properly preserved; and

6. The consenting parties to the recording freely and voluntarily consented to the tape recording of the conversations.

BY THE COURT:

____________________________________
HONORABLE CYNTHIA RUFE
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD BASLEY** | : | **CR. NO. 05-619-02** |
| **a/k/a "Beeb,"** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION**
**TO ADMIT VIDEO AND AUDIO RECORDING**
**OF SEARCH OF DARRAH STREET**

## I. INTRODUCTION

The United States of America, by its undersigned attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Karen L. Grigsby, Assistant United States Attorney for the district, moves to admit a video and audio recording of the search of 5343 Darrah Street in Philadelphia and, in support thereof, represents as follows.

## II. FACTUAL BACKGROUND

The factual background of this case is set forth in detail in the government's other pretrial motions. Of particular relevance here, on July 8, 2005, police assigned to the Intensive Drug Investigations Squad ("IDIS") and DEA Drug Task Force officers executed a search warrant at 5343 Darrah Street in Philadelphia and seized a wrapped rectangular package, later determined to contain 997 grams of cocaine, and five smaller clear plastic bags containing a total of 626.8 grams of cocaine, for a total of 1632.8 grams

of cocaine. Agents and police also seized six baggies containing a total of 107.8 grams of cocaine base, and a pot with cocaine base residue, as well as razor blades, scales, and a spoon, all with residue. Additionally, the officers and agents seized a loaded 9mm semi-automatic Beretta with an obliterated serial number; a loaded 45 caliber semi-automatic Glock; additional live rounds; another magazine; documents; jewelry; cell phones; and paraphernalia.

Philadelphia Police Officer John Coyne, assigned to IDIS, videotaped the outside of the property before the search began, and then videotaped an inventory of the search, with the recovering officers and agents showing to the camera the evidence in the locations in which they found the items. During the videotape, Syreeta Custus (the owner of that property) and her children appear very briefly, as the camera moves past them. Custus and her children do not speak on the video. Officer Coyne also videotaped a "sweep" of the house before the officers and agents left. During the course of the videotape, various police officers' voices are heard, either in the background or speaking directly to the camera as they point out what the evidence is and exactly where it was found.

## III. THE LAW

The Third Circuit has stated in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), that "the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir.

1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

> (1) That the recording device was capable of accurately recording accurately the conversations now offered in evidence.
>
> (2) That the operator of the device was competent to operate the device.
>
> (3) That the recordings are authentic and correct.
>
> (4) That changes, additions or deletions have not been made in the recordings.
>
> (5) That the recordings have been preserved in an appropriate manner.
>
> (6) That the speakers are identified.
>
> (7) That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

Starks, 515 F.2d at 121 n.11.

However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence. In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence. Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985). The

rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986). "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id. After this preliminary determination, the final assessment of authenticity is left to the jury. Id.

Thus, to the extent that Starks required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial court.[1] Moreover, to the extent that Starks suggests a particular formulation must be followed to establish authenticity of recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination. This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration. See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

---

[1] The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104. Thus, the Starks rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence. Indeed, in a civil forfeiture proceeding, the Starks requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

However, in this case, the video was made by an IDIS officer with the full knowledge of the other officers and agents on the scene. That officer is available to testify as a witness, and will attest that the recording is an accurate reproduction of the videotape that he made. That testimony alone is sufficient to meet the "slight" test for authentication. See Rule 901(b)(1) (authentication may rest on "[t]estimony that a matter is what it is claimed to be"); United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a tape recording); United States v. Jones, 730 F.2d 593, 597 (10th Cir. 1984) (same); United States v. Albert, 595 F.2d 283, 290 (5th Cir.) (same), cert. denied, 444 U.S. 963 (1979).

In any event, as set forth in the accompanying motion, all of the factors outlined in Starks are met in this case and the government's recording is admissible at trial.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

____________________________
THOMAS PERRICONE
Assistant United States Attorney
Chief, Narcotics

____________________________
KAREN L. GRIGSBY
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR. No. 05-619** |
| **EDWARD BASLEY**<br>**a/k/a "Beeb,"** | : | |

**GOVERNMENT'S MOTION TO ADMIT VIDEO AND AUDIO RECORDINGS**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Karen L. Grigsby, Assistant United States Attorney, hereby moves for the admission of the video and audio recording at the trial of the above-captioned matter and in support thereof avers:

1. The defendant is charged with drug and gun offenses in violation of 21 USC § 841(a)(1), 18 USC § 924(c), and 18 USC §922(g)(1).

2. The Government will offer into evidence a videotape, with audio, made in connection with a search of 5343 Darrah Street in Philadelphia on July 8, 2005.

3. Defense counsel has been shown the original videotape and provided with a copy of it.

4. As to the video and audio recording, the Government avers:

(a) The recording device used was capable of accurately recording the conversations;

(b) The operator of the recording device was competent;

(c) The recording is authentic and correct;

(d) There have been no changes in, additions to, or deletions from the recording;

(e) The recording has been properly preserved; and

(g) The consenting parties to the recording freely and voluntarily consented to the tape recording of the conversations.

WHEREFORE, the Government respectfully asks this Court to issue the order as attached to this motion.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

__________________________
THOMAS PERRICONE
Assistant United States Attorney
Chief, Narcotics

__________________________
KAREN L. GRIGSBY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that, by electronic filing, I have served or caused to be served a copy of the foregoing upon:

William J. Brennan, Esquire
123 South Broad Street
Suite 1970
Philadelphia, PA 19109

KAREN L. GRIGSBY
Assistant United States Attorney

Date: 10/12/06