**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD BASLEY** | : | **CR. NO. 05-619-02** |
| **a/k/a "Beeb,"** | : | |

**O R D E R**

AND NOW, this day of , 2006, pursuant to Local Rule of Criminal Procedure 41.1(c), as to the video recording of the surveillance of Cameron's May 5, 2005, payment to Edward Basley, the Court finds the following as to the Government's recording:

1. The video recording device used was capable of accurately recording the surveillance;

2. The operator of the recording device was competent;

3. The recording is authentic and correct;

4. There have been no changes in, additions to, or deletions from the recordings; and

5. The recording has been properly preserved.

BY THE COURT:

____________________________________
HONORABLE CYNTHIA RUFE
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD BASLEY** | : | **CR. NO. 05-619-02** |
| **a/k/a "Beeb,"** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION**
**TO ADMIT VIDEO RECORDING**
**OF May 5, 2005 SURVEILLANCE**

## I. INTRODUCTION

The United States of America, by its undersigned attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Karen L. Grigsby, Assistant United States Attorney for the district, moves to admit a video recording of the surveillance of Darren Cameron's May 5, 2005, meeting with the defendant Edward Basley. In support thereof, the government represents as follows.

## II. FACTUAL BACKGROUND

The factual background of this case is set forth in detail in the government's other pretrial motions. Of particular relevance here, on May 5, 2005, the government's cooperator, Darren Cameron, met with the defendant, Edward Basley, inside Basley's Chevrolet Avalanche to make a partial payment for 125.5 grams of cocaine that Basley had "fronted" to Cameron on May 2, 2005. The meeting on May 5, 2005, was surveilled by the DEA Task Force and Philadelphia police, and was video recorded by Special

Agent Dan Mueller of the DEA Task Force. The government files this motion to introduce the video recording of the meeting. The video of the surveillance does not have an audio component; the audio component of the meeting was made separately.[1]

## III. THE LAW

The Third Circuit has stated in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), that "the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

(1) That the recording device was capable of accurately recording accurately the conversations now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recordings are authentic and correct.

(4) That changes, additions or deletions have not been made in the recordings.

(5) That the recordings have been preserved in an appropriate manner.

(6) That the speakers are identified.

(7) That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

---

[1] The meeting was also audio-recorded, and this Court has previously granted the government's Starks motion as to that recording (and the other consensual recordings made in this case).

Starks, 515 F.2d at 121 n.11.

However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence. In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence. Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985). The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986). "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id. After this preliminary determination, the final assessment of authenticity is left to the jury. Id.

Thus, to the extent that Starks required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial

court.[2] Moreover, to the extent that Starks suggests a particular formulation must be followed to establish authenticity of recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination. This is particularly so in a case in which the participants to a conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration. See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

However, in this case, the video was made by a DEA agent, and has no audio component. That officer is available to testify as a witness, and will attest that the recording is an accurate reproduction of the videotape that he made. That testimony alone is sufficient to meet the "slight" test for authentication. See Rule 901(b)(1) (authentication may rest on "[t]estimony that a matter is what it is claimed to be"); United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a tape recording); United States v. Jones, 730 F.2d 593, 597 (10th Cir. 1984) (same); United States v. Albert, 595 F.2d 283, 290 (5th Cir.) (same), cert. denied, 444 U.S. 963 (1979).

---

[2] The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104. Thus, the Starks rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence. Indeed, in a civil forfeiture proceeding, the Starks requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

In any event, as set forth in the accompanying motion, all of the factors outlined in Starks are met in this case and the government's recording is admissible at trial.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

__________________________
THOMAS PERRICONE
Assistant United States Attorney
Chief, Narcotics

_______________________________
KAREN L. GRIGSBY
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR. No. 05-619** |
| **EDWARD BASLEY**<br>**a/k/a "Beeb,"** | : | |

**GOVERNMENT'S MOTION TO ADMIT VIDEO RECORDING**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Karen L. Grigsby, Assistant United States Attorney, hereby moves for the admission of the video recording at the trial of the above-captioned matter and in support thereof avers:

1. The defendant is charged with drug and gun offenses in violation of 21 USC § 841(a)(1), 18 USC § 924(c), and 18 USC §922(g)(1).

2. The Government will offer into evidence a videotape, without audio, made of the surveillance of Darren Cameron's May 5, 2005, meeting with the defendant Edward Basley.

3. Defense counsel has been given a copy of the videotape.

4. As to the video recording, the Government avers:

(a) The recording device used was capable of accurately recording the surveillance;

(b) The operator of the recording device was competent;

(c) The recording is authentic and correct;

(d) There have been no changes in, additions to, or deletions from the recording; and

(e) The recording has been properly preserved.

WHEREFORE, the Government respectfully asks this Court to issue the order as attached to this motion.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

____________________________
THOMAS PERRICONE
Assistant United States Attorney
Chief, Narcotics

____________________________
KAREN L. GRIGSBY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that, by electronic filing, I have served or caused to be served a copy of the foregoing upon:

William J. Brennan, Esquire
123 South Broad Street
Suite 1970
Philadelphia, PA 19109

KAREN L. GRIGSBY
Assistant United States Attorney

Date: 10/12/06