IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | CRIMINAL NO. 05-619-2 |
| : | |
| EDWARD BASLEY : | |

MEMORANDUM OPINION

**RUFE, J.**                                                                                       November 4, 2008

Defendant Edward Basley ("Basley") was sentenced to a statutory mandatory minimum term of imprisonment of 300 months, followed by ten years of supervised release, after his conviction by a jury for numerous drug and gun offenses. Basley's advisory guideline range for his convicted offenses is 168-210 months. Basley was represented by counsel throughout his criminal trial and sentencing. He has filed a counseled appeal seeking a shorter sentence.

By way of general background, a months-long investigation by local and federal law enforcement officials showed that Basley was centrally involved in obtaining and selling large quantities of cocaine and cocaine base ("crack"), including to purported drug dealers, in Philadelphia.[1] The investigation also showed that Basley owned or possessed multiple guns in

---

[1] The Court became aware of the nature and scope of Basley's conduct through both pretrial proceedings and the trial in this case. The relevant pretrial proceedings include, inter alia, motions practice and hearings on: the admissibility of certain tape recordings from government wiretaps, see Gov't Mots. to Admit Tape Recordings [Doc. Nos. 122 and 123], Basley's Response [Doc. No. 135], and Orders regarding the same [Doc. Nos. 137 and 138]; a potential conflict of interest for Basley's original counsel, see Gov't Mot. for Inquiry as to Conflict of Interest [Doc. No. 139], Basley's Response [Doc. No. 144], hearing before the Court and Order on the same [Doc. Nos. 166 and 168]; various motions in limine and motions to suppress, see, e.g., Gov't Mot. in Limine to Introduce Evidence of Prior Record [Doc. No. 239], Gov't Mot. in Limine to Introduce Evidence of Other Acts [Doc. No. 242], Gov't Supplemental Mot. in Limine to Introduce Evidence of Other Acts [Doc. No. 250], Basley's Response [Doc. No. 253], Basley's Mot. to Suppress Physical Evidence [Doc. No. 254], Gov't Response [Doc. No. 257], Basley's Second Motion to Suppress Physical Evidence [Doc. No. 279], hearings before the Court thereon [Doc. Nos. 260, 265 and 289], and related Orders on the same [Doc. No. 269, 271, 272, 273 and 305]. The foregoing reflects a portion of the full record of pretrial proceedings appearing on the Basley docket.

1

connection with his drug distribution activities. Throughout the investigation, Basley was on parole as result of prior felony convictions in state court.

At trial, Basley and seven co-defendants faced drug and gun charges in a 21-count Superseding Indictment. Basley is named in seven counts of the Superseding Indictment – – Counts Two, Four, Five, Six, Seven, Eight and Twenty. Counts Two and Four charge Basley with various acts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Five charges Basley with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Six charges Basley with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Count Seven charges Basley with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and Counts Eight and Twenty charge Basley with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On February 20, 2007, a jury convicted Basley as to Counts Four, Five, Six, Seven, Eight and Twenty, and acquitted him with respect to Count Two.

This Court sentenced Basley on October 7, 2008. His total offense level was 32. His criminal history category was IV, based on his arrest in the instant matter while on parole, as well as state court convictions for possession of a controlled substance in an amount indicating an intent to deliver, possession of firearms not to be carried without a license – both felonies – and contempt of court. His total offense level and criminal history category were not disputed, and resulted in an advisory guidelines range of 168 to 210 months.[2] Before sentencing, however, the Government filed

---

[2] Basley's presentence report ("PSR") was written prior to November 1, 2007, when values on the United States Sentencing Guidelines drug equivalency tables were changed with respect to cocaine base. A December 10, 2007 memorandum from the Government, appended to the presentence report, as well as the Government's uncontested arguments at sentencing, establish that the equivalency tables change has no effect on Basley's advisory guidelines range, that is, that the range is identical whether calculated according to the former or current tables.

an Information charging prior offenses pursuant to 21 U.S.C. § 851, and the penalty ranges Basley ultimately faced reflect the resulting enhancement. Taking the foregoing into account, Basley's conviction on Count Five required a statutory mandatory minimum sentence of twenty years' imprisonment, and his conviction on Count Seven required a statutory mandatory minimum of five years' imprisonment, to run consecutively to the twenty year term. As a result, Basley was exposed to a mandatory minimum sentence of 300 months' imprisonment for his crimes.[3]

At sentencing, after hearing argument, ruling on oral requests of counsel and explaining its reasoning, the Court sentenced Basley to a term of imprisonment of 300 months, along with other penalties. The Court herein undertakes to set forth the rationale for the sentence imposed in this case.

The Court sentenced Basley to 300 months because, in the larger view, it found him to be a repeat felon who had progressed from committing lesser offenses to operating a significant drug distribution business involving large quantities of drugs and the possession of numerous firearms over a sustained period of time. Basley apparently grew the scale of his illegal drug business even while on parole for his prior felony convictions and despite repeated arrests and contacts with the criminal justice system, which are described in detail in Basley's PSR. Nothing appeared to the Court to warrant an exception downward for Basley from the floor of the statutory mandatory minimum sentence, and the Court sentenced him at this minimum floor.

At Basley's sentencing, the Court heard requests from defense counsel to sentence Basley to ten years' imprisonment, or 120 months, far below the twenty-five year statutory mandatory minimum sentence, on constitutional grounds. Defense counsel argued that a twenty-five

---

[3] See U.S.S.G. § 5G1.1(a).

year sentence was grossly disproportionate to Basley's offense conduct, notwithstanding his criminal history, such that it amounted to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Defense counsel alternatively argued that imposing the statutory mandatory minimum sentence deprived Basley of his due process rights under the Fifth Amendment, and further, that the mandatory minimum sentencing provisions of the sentencing statute represent an unconstitutional violation of core separation of powers principles by stripping sentencing judges of their due discretion. Finally, defense counsel argued that Basley's penalty enhancement for prior offenses should be nullified because the fact of the prior offenses had not been found by a jury beyond a reasonable doubt. The Government argued that the latter argument runs counter to established Third Circuit law,[4] on which point the Court agreed.

Moreover, the Court rejected defense counsel's remaining constitutional arguments. Given the gravity of Basley's conviction offenses, as well as the recalcitrance he exhibited in committing them while on parole for two prior felonies and in the face of intermittent arrests, the Court could not find that a 300 month sentence of imprisonment was grossly disproportionate to the crimes at issue. The punishment did not strike the Court as cruel and unusual, or offensive to evolving standards of decency, but rather seemed within the reasonable range for serious criminal conduct committed in a brazen fashion. Also, as the Court stated at sentencing, it does not perceive that in this case its discretion was inhibited or eliminated by the statutory mandate to impose a certain minimum sentence. In light of the facts of the case and Basley's criminal history and circumstances, a 300 month sentence is reasonable in the Court's view. As such, respectfully, no

---

[4] See United States v. Ali, 508 F.3d 136, 145 (3d Cir. 2007) (citing Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998)).

actual, live separation of powers or due process questions present themselves here.

The Court complied with the applicable substantive and procedural legal requirements for sentencing.[5] It began[6] by carefully "considering the presentence report and its interpretation of the Guidelines."[7] This resulted in several clarifying additions within, and addenda to, the PSR, and an uncontested finding as to the advisory guidelines range and the statutory mandatory minimum applicable to the case. The parties did not make motions, written or oral, but defense counsel made several constitutional arguments at sentencing which are summarized above. The Court considered these arguments before rejecting them as inapposite to Basley's sentence, and finding that his sentence was appropriate in light of the crimes he was found to have committed, his criminal history and the circumstances of the case.[8]

Finally, the Court exercised its discretion by considering the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Again, the Court expressly considered the nature, circumstances, history and characteristics of Basley's crimes,[9] as found by the jury. The Court noted that Basley dealt large quantities of cocaine and cocaine base on numerous occasions to many buyers throughout the period of the investigation.[10] The transactions involved tens of thousands of dollars, and during the same period guns, some with obliterated serial numbers, were in Basley's possession

---

[5] The Court adhered to the three step sentencing process set forth in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

[6] See Sent. Tr. 4-31.

[7] Rita v. United States, 551 U.S. ----, 127 S.Ct. 2456, 2465 (2007).

[8] Sent. Tr. 56-57.

[9] See, e.g., Sent. Tr. 53-55.

[10] See, e.g., Sent. Tr. 50-51.

5

in his vehicle and home. The Court also considered the history and characteristics of the defendant, noting his manner toward the Court, discussing his progressively more serious criminal conduct and the fact that he committed the instant crimes while on parole, and acknowledging the strong displays of support Basley's family had shown during his trial and sentencing.[11] The Court also stated its view that the sentence imposed appropriately reflected the seriousness of Basley's crimes, which were conducted with a boldness that showed a lack of respect for the law and merited significant punishment of the sort contemplated by Congress in the applicable statutes.[12] Similarly, Basley's persistence in carrying out his drug distribution activities despite numerous arrests and prior convictions for similar conduct convinced the Court that a significant measure of deterrence was warranted in his case.[13] The Court considered that protecting the public from Basley's repeated, serious criminal activity was another factor underlying his sentence.[14] The Court also noted that Basley would have the opportunity to pursue educational opportunities and seek any needed psychological treatment while in prison.[15]

In addition, the Court considered, in comparison, the sentences imposed on Basley's co-defendants.[16] The Court noted that no other co-defendant was found guilty of as many crimes as Basley. Moreover, each of Basley's co-defendants pleaded guilty to the crimes with which they were charged, and thus received some benefit of reduced advisory sentencing guidelines calculations. As

---

[11] Sent. Tr. 46-49.

[12] Sent. Tr. 56-57.

[13] See, e.g., id. at 51-52.

[14] Id. at 51-52, 59.

[15] Sent. Tr. 51-52.

[16] Sent. Tr. 58-59.

6

such, a comparison of co-defendant sentences reveals relatively little.[17] The closest comparator to Basley was Robert Wright, a co-defendant similar to Basley "in terms of import, leadership, recruitment, supervising, supplying" and overall status within the distribution scheme, if not in charged offenses.[18] Wright received a sentence of 235 months', or nearly twenty years', imprisonment after pleading guilty to his crimes. The Court considered Wright's sentence in deeming Basley's sentence to be appropriate and reasonable in light of the charges he faced and his approach to trial and pleading.

                                                    RESPECTFULLY SUBMITTED:

                                                    /s/ Cynthia M. Rufe

                                                    _____

                                                    **CYNTHIA M. RUFE, J.**

---

[17] See Sent. Tr. 58-59.

[18] Id.